Weldon D. BARNES et ux., Appellants,

v.

BITUMINOUS CASUALTY CORPORA-
TION, Appellee.

No. 8365.

Court of Civil Appeals of Texas,
Amarillo.

April 23, 1973.

Rehearing Denied May 14, 1973.

Jack Hazlewood, Amarillo, for appellants.

Culton, Morgan, Britain & White, Sam R. Cummings, Amarillo, for appellee.

REYNOLDS, Justice.

Summary judgment requires this appellate review. Suit was filed in the district court to recover from the workmen's compensation insurance carrier the injured employee's dental expenses allegedly payable by the insurance carrier under an Industrial Accident Board approved compromise settlement agreement. The insurance carrier moved for summary judgment on the grounds that the district court was without jurisdiction since the claim had not been presented to and passed upon by the Board or, alternatively, that the expense had been compromised and settled. The court granted the motion and entered summary judgment. We have concluded that the amount actually in controversy is less than the district court's minimum jurisdictional limits, and that the suit should have been dismissed. Reversed and suit ordered dismissed.

Weldon D. Barnes was injured while in the employ of a company to which Bituminous Casualty Corporation had issued its policy of workmen's compensation insurance. On January 18, 1972, while Barnes' claim for compensation benefits was pending before the Industrial Accident Board, Mary Alice Barnes, the wife of the injured workman and manager of their community estate, and Bituminous Casualty Corporation entered into and executed a written compromise agreement. By the terms of the agreement, the parties agreed, subject to the approval of the Board, to compromise and settle all matters involved on the basis of a sum certain paid by the carrier to Barnes, who it was agreed would pay for all future hospital and medical expenses, with the further provision:

"PAST MEDICAL EXPENSES

"Carrier _____ will pay or has paid for all accrued hospi-
     (Claimant or Insurance Co.)
tal and medical expenses resulting from said injury except <u>No exceptions</u> "

The Industrial Accident Board approved the agreement by its order entered March 24, 1972, and the insurance carrier paid the amount specified in the agreement.

Thereafter, the insurance carrier was requested to pay the sum of $424.00, stated to be the portion of Barnes' total dental expenses allegedly resulting from the injury to have been incurred as of January 18, 1972, the date the compromise settlement agreement was executed. The carrier refused the request. Barnes and his wife then instituted this suit in the district court against Bituminous Casualty Corporation to recover the dental expense of $424.00 and attorney's fees of not less than $1,000.-00. Plaintiffs pleaded that they had paid the dental expenses incurred, thereby becoming subrogated to the rights of the dentist against the insurance carrier under the policy of compensation insurance and by virtue of the approved settlement agreement. Liability of the insurance carrier for the $424.00 portion of the total dental expenses accrued on January 18, 1972, was predicated on the insurance carrier's covenant contained in the approved settlement agreement to pay all accrued medical expenses. Plaintiffs alleged entitlement to

attorney's fees under Article 2226 [1] as subrogees or, alternatively, under Article 8307, § 5a, because the insurance carrier failed to pay as ordered by the Board in its approval of the compromise agreement.

After answering with a general denial of liability, the insurance carrier elicited answers to its propounded interrogatories concerning the settlement agreement and the incurrence of the dental expenses and payment thereof. The carrier moved for summary judgment, grounding its motion on the asserted lack of jurisdiction by the court because the claim had not been presented to and acted upon by the Industrial Accident Board. Plaintiffs filed Mrs. Barnes' controverting affidavit. The affidavit stated, inter alia, that at the time the settlement was effected whatever dental expenses that had accrued on January 18, 1972, were medical expenses contemplated by the parties to be paid by the insurance carrier and were embraced within the past medical expense provision of the compromise settlement agreement. The insurance carrier then moved, by a supplemental motion for summary judgment, for judgment on the ground that if the expense was to be paid pursuant to the workmen's compensation act,[2] it had been compromised and settled under the approved settlement agreement. The trial court entered summary judgment in favor of Bituminous Casualty Corporation, ordering that plaintiffs take nothing. From this summary judgment, plaintiffs have appealed on the point that triable issues of fact were raised over which the district court had jurisdiction.

In entering the summary judgment, the trial court recited therein the finding ". . . that there is no genuine issue as to any material fact . . . ."; however, the recitation is without reference to whether the finding was made with respect to the jurisdictional ground contained in the original motion for summary judgment, or to the compromise and settlement ground presented in the supplemental motion, or both. Be that as it may, the granting of the summary judgment was erroneous, and it is not sustainable, on any ground of defense interposed.

■ The defense of lack of trial court jurisdiction for failure to first secure action by the Industrial Accident Board on the disputed expense will not support the summary judgment. When the compromise settlement agreement executed by the parties was approved by the Board, there was a valid accord superseding Barnes' pending compensation benefits claim and subject only to judicial cancellation. Pacific Employers Ins. Co. v. Brannon, 150 Tex. 441, 242 S.W.2d 185 (1951). The approved agreement compromised and settled not only Barnes' disability benefits, but both past and future medical expense liability as well. No action has been taken, either in this proceeding or otherwise, to have the approved settlement agreement judicially set aside; in fact, plaintiffs' pleadings are drafted to allege a breach and to enforce the terms of the approved settlement agreement, and evidence the opening statement made in their appellate brief that "(t)his is a suit on a contract." So long as the agreement is subsisting, it is binding upon the parties to it, Lowry v. Anderson-Berney Bldg. Co., 139 Tex. 29, 161 S.W.2d 459 (1942), and the Board has no further jurisdiction of the matter made the subject of the approved settlement agreement.

■ Neither may the summary judgment properly be based on the defensive ground that the claimed expense had been compromised and settled under the approved settlement agreement. The agreement provides that Barnes is responsible for all future hospital and medical expenses with no exceptions; however, under the

---

1. Each article reference is to the number under which the article appears in Vernon's Ann.Tex.Civ.St.

2. Vernon's Ann.Civ.St. art. 8306 et seq.

agreement, the insurance carrier covenanted, without exception, that it ". . . will pay . . . all accrued . . . medical expenses resulting from said injury . . . ." Thus, the summary judgment evidence before the trial court raised, but did not demonstrate the absence of, the material fact issues of whether the claimed dental expense was (1) a medical expense accrued on the date of the agreement, (2) resulting from the injury made the subject of the compromise agreement, and (3) intended by the parties to be included under the past medical expense provision as opposed to the future medical expense provision; and, if so, (4) the reasonable cost thereof. The insurance carrier failed in its burden to establish by this summary judgment record the nonexistence of material fact issues between the parties; therefore, summary judgment was improper. See Lokey v. Texas Methodist Foundation, 479 S.W.2d 260 (Tex.1972), and cases cited therein.

■■ The determination that summary judgment was improperly granted ordinarily would require a reversal of the judgment and a remand of the cause to the district court for resolution of the fact issues. However, the insurance carrier further contends on this appeal that the summary judgment was correctly entered because attorney's fees are not allowable in this action, thereby reducing the amount in controversy below that of the district court's jurisdiction. We agree that attorney's fees are not recoverable under the allegations made, but we do not agree that summary judgment was or is proper on that account. Affirmance of this summary judgment renders it a final judgment with the adjudicative effect of its being res judicata of the same matters between the same parties. See Morris v. White, 380 S.W.2d 916 (Tex.Civ.App.—San Antonio 1964, writ ref'd, cert. denied, 380 U.S. 922, 85 S.Ct. 920, 13 L.Ed.2d 806 (1965)). If the district court had no jurisdiction of the subject matter, as a matter of law, the court should have dismissed the case without passing upon any other legal or factual issue presented. Lone Star Finance Corporation v. Davis, 77 S.W.2d 711 (Tex.Civ. App.—Eastland 1934, no writ).

■ The district court's lack of jurisdiction over the subject matter was not directly called to the trial judge's attention; nevertheless, a matter of first consideration by any court is the determination of its own jurisdiction. Lone Star Finance Corporation v. Davis, supra. Jurisdiction of the court is not determined by its decision on the questions presented, but upon the character of the case itself. Martin v. Sheppard, 145 Tex. 639, 201 S.W.2d 810 (1947). The district court is constitutionally [3] granted original jurisdiction ". . . of all suits, . . . when the matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest; . . . ." In determining the amount in controversy for jurisdictional purposes, attorney's fees that properly are a part of the matter in controversy are taken into consideration, Blankenship v. Wartelsky, 6 S.W. 140 (Tex.Comm'n App. 1887, opinion adopted); Altgelt v. Harris, 11 S.W. 857 (Tex.Comm'n App.1889, opinion adopted); but insupportable allegations of entitlement to attorney's fees are not to be considered. Manning v. Lesher, 290 S. W.2d 538 (Tex.Civ.App.—Galveston 1956, no writ).

■ Plaintiffs' suit is "on a contract." The general rule in Texas is that attorney's fees are not recoverable in a suit on a contract unless provided for by the contract or authorized by statute. Turner v. Turner, 385 S.W.2d 230 (Tex.1964). There is no contention that the settlement agreement itself provides for attorney's fees in the matter at bar; to the contrary, plaintiffs allege that attorney's fees are authorized in this case by the provisions of Article 2226 or, in the alternative, Article

---

3. Tex.Const. art. V, § 8, Vernon's Ann.St.

8307, § 5a. Statutes providing for attorney's fees are penal in nature and are to be strictly construed. Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex.1962).

■ Article 2226 does authorize attorney's fees in connection with a judicial recovery on any of seven enumerated classes of claims, one of which is a claim for personal services, if the claim is not paid within thirty days after presentment. Plaintiffs' reasoning is that the dentist furnished personal services to Barnes and, by payment of the dentist's charges, plaintiffs became subrogated to the dentist's rights against the insurer under the policy of workmen's compensation insurance and the settlement agreement, including the statutory right to attorney's fees when the claim for personal services was not paid within thirty days after presentment. Any right to recover under the policy of workmen's compensation insurance was foreclosed by the contractual settlement agreement which, as heretofore noted, is binding on all parties until it is set aside. Plaintiffs' suit, being on a contract, does not involve one of the seven classes of claims for which attorney's fees are allowed by Article 2226, and the attorney's fees sought are not recoverable under this statute. Van Zandt v. Fort Worth Press, supra; Eisenbeck v. Buttgen, 450 S.W.2d 696 (Tex.Civ.App.—Dallas 1970, no writ).

■ Plaintiffs' alternate claim for attorney's fees under Article 8307, § 5a, is not supportable. That section does provide for penalties, which include a reasonable attorney's fee, where recovery is had in a suit to enforce a final order made as provided in the preceding Section 5 by the Industrial Accident Board against an insurer. The final order provided for in Section 5 contemplates an award of a designated amount. The approval of the settlement agreement here is neither an award of compensation nor a denial thereof by the Board. Industrial Accident Board v. Glenn, 144 Tex. 378, 190 S.W.2d 805 (1945). Moreover, Section 5 ". . . by its terms is restricted to *awards* of the Board and *judgments* of a court of law, . . . and has no application to a compromise settlement agreement approved by the Board . . . ." Pearce v. Texas Employers Insurance Association, 412 S.W. 2d 647 (Tex.1967). Furthermore, there is an obvious distinction between the failure of the insurer to pay a sum certain awarded by the Board or decreed by the court and the declinature of a medical expense claim, the liability for which under a settlement agreement is yet to be determined. In the latter situation, as here, the decision in *Glenn* and the rule of strict construction expressed in *Van Zandt* compels the conclusion that the attorney's fees provision of Article 8307, § 5a, is not applicable.

■ ■ Since attorney's fees are insupportable by the allegations made in plaintiffs' pleadings, the $424.00 amount actually in controversy is below the jurisdictional limits of the district court, and the suit should have been dismissed by the trial judge, Carswell & Co. v. Habberzettle, 99 Tex. 1, 86 S.W. 738 (1905), without adjudication of the issues presented. Lone Star Finance Corporation v. Davis, supra. The duty of this court is to render the judgment that the trial court should have rendered. Rule 434, Texas Rules of Civil Procedure.

The trial court's summary judgment is reversed, and judgment is here rendered that the cause is dismissed. Costs are taxed one-half against each party.