Ben ARTEAGA, Appellant,

v.

Willie F. JACKSON, Appellee.

No. 06–99–00030–CV.

Court of Appeals of Texas,
Texarkana.

Submitted June 2, 1999.

Decided June 3, 1999.

Ben Arteaga, New Boston, pro se.

Willie F. Jackson, New Boston, pro se.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Ben Arteaga appeals from an order dismissing his lawsuit for want of jurisdiction. The district court dismissed the lawsuit because the amount of the claim set out in Arteaga's petition was below the minimum jurisdictional threshold for the court. On appeal, Arteaga contends that he sought $700.00, an amount within the jurisdictional limits, and seeks reversal.

Historically, a district court's minimum amount in controversy was $500.00, as set out by Article 1906 of the Texas Revised Civil Statutes.[1] This statutory provision was omitted when Article 1906 was codified into the Government Code, because it duplicated the constitution's jurisdictional grant. TEX. GOV'T CODE ANN. § 24.007 revisor's note (Vernon 1988). The district court's constitutional minimum-amount-in-controversy jurisdiction was deleted as a part of the 1985 amendment of TEX. CONST. art. V, § 8.[2] As a result of this deletion, the district court's minimum-amount-in-controversy jurisdiction was reduced from $500.00 to $200.01.[3] TEX. CONST. art. V, § 19 provides: "Justice of the peace courts shall have . . . exclusive jurisdiction in civil matters where the amount in controversy is two hundred dollars or less. . . ."[4]

---

1. Codified as TEX. GOV'T CODE ANN. § 24.007, Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Gen. Laws 1745, *amended by* Act of April 30, 1987, 70th Leg., R.S., ch. 148, § 1.36, 1987 Tex. Gen. Laws 538.

2. Tex. S.J. Res. 14, 69th Leg., R.S., 1985 Tex. Gen. Laws 3357.

3. TEX. CONST art. V, § 8 states: "District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body."

4. An extensive discussion of this matter is set out in *Arnold v. West Bend Co.*, 983 S.W.2d 365, 366 n. 1 (Tex.App.-Houston [1st Dist.] 1998, no pet. h.).

Arteaga states in his petition that he was damaged in the amount of $200.00. This is not within the jurisdictional ambit of a state district court. When a plaintiff specifically pleads an amount below the jurisdiction of the district court, he has effectively pleaded himself out of court. *See Peek v. Equipment Serv. Co. of San Antonio,* 779 S.W.2d 802, 804 (Tex.1989).

Arteaga contends, however, that he was actually seeking $700.00 in damages, as is shown by the prayer in his petition. The prayer states that he seeks recovery of "seven hundred dollars in treble damages." Treble damages are available only in limited circumstances, as provided by the Legislature. The petition alleges no cause of action that would authorize an award of treble damages based on any theory of law. Arteaga does allege in his petition that he sues under TEX. BUS. & COM.CODE ANN. § 17.41 (Vernon 1987) and § 17.46 (Vernon 1987 & Supp.1999), for deceptive and misleading actions of his attorney. Actions under the Deceptive Trade Practices Act may authorize the recovery of treble damages in proper circumstances, but a fair construction of Arteaga's petition is that his cause of action is merely for breach of contract. An ordinary breach of contract claim does not come within the Deceptive Trade Practices Act. *LaSara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558 (Tex.1984). The request in the prayer for treble damages is wholly unsupported by the allegations of the petition. Thus, we find that the trial court could properly have concluded that the relief sought by Arteaga was an amount below the jurisdictional minimum for the court. *Bybee v. Fireman's Fund Ins. Co.,* 160 Tex. 429, 331 S.W.2d 910 (1960). In such a circumstance, the district court would have no choice but to dismiss the case for want of jurisdiction.

The judgment is affirmed.