NO. 07-03-0050-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 5, 2003



______________________________




CHARLES F. NELSON, JR., APPELLANT



V.



U.S. POSTAL SERVICE AND AN UNKNOWN CARRIER, APPELLEES



_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 90-014-C; HONORABLE PATRICK PIRTLE, JUDGE



_______________________________




Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.



MEMORANDUM OPINION


 By his sole issue, Charles F. Nelson, Jr. (1), an inmate proceeding pro se and in forma
pauperis, contends the trial court abused its discretion by rendering a decision arbitrary and
unreasonable in light of the claims and evidence dismissing his action to recover $6.40 
against the United States Postal Service and an Unknown Carrier pursuant to a finding
without a hearing, that the action was frivolous or malicious, as authorized by Tex. Civ.
Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon Supp. 2003). Based on the rationale
expressed herein, we reverse and render.

 Initially, we note that even though he is proceeding pro se, Nelson is held to the
same standard as a licensed attorney and must comply with the applicable laws, rules, and
procedure. Greenstreet v. Heiskell, 940 S.W.2d 831, 834 (Tex.App.--Amarillo 1997, no
writ); see also Mansfield State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978) (holding
litigants who represent themselves must comply with the procedures established by the
rules notwithstanding the fact that they are not licensed attorneys). Accordingly,
notwithstanding Nelson's implied plea that his pleadings and assertions should be given
a liberal interpretation, we decline to relax the rule announced in Greenstreet and
Mansfield. 

 Nelson filed his suit on July 2, 2002, but according to the record, it appears that as
of September 24, 2002, the date of the trial court's order of dismissal, service had not been
completed upon appellees. According to his original petition, he asserts he mailed three
certified pieces of mail and that two of the items were not received or otherwise destroyed. 
He alleged fraud, breach of contract, a DTPA claim, and theft. Further, by motion for
summary judgment, (2) he alleged contractual relations with the United States Postal Service
by paying a consideration to said business for the delivery of certified mail and that only
one of three letters was actually delivered. Then, by his conclusion in his motion for
reinstatement and/or new trial, he alleged the amount paid by him for the certified mail to
be $6.40. Except for this allegation, neither his pleadings nor motions allege the dollar
amount of the damages he claims to have sustained. As was presented in Arteaga v.
Jackson, 994 S.W.2d 342, 343 (Tex.App.--Texarkana 1999, pet. denied), Nelson did not
allege a cause of action that would authorize an award of exemplary or treble damages
based on any theory of law. Further, an ordinary breach of contract claim does not support
recovery under the Deceptive Trade Practices Act. La Sara Grain Co. v. First Nat. Bank
of Mercedes, 673 S.W.2d 558, 565 (Tex. 1984). Moreover, by his brief, appellant limited
his claim on appeal to a claim for breach of contract. 

 Before we consider Nelson's sole issue, we must first address the question of
whether appellant's pleading was effective to invoke the jurisdiction of the trial court. As
a matter of first consideration, any court has the duty to determine, sua sponte, whether it
has jurisdiction to hear the case. In Barnes v. Bituminous Casualty Corporation, 495
S.W.2d 5, 9 (Tex.Civ.App.--Amarillo 1973, writ ref'd n.r.e.), we held that where the claimant
sought to recover only $424 for dental expenses under a compromise settlement
agreement, the trial court did not have jurisdiction to entertain a claim for less than $500. 
Similarly, in Arteaga, 994 S.W.2d at 343, where Arteaga alleged damages of $200, but by
his prayer sought $700, after discussing the legislative changes in 1985 reducing the
minimum jurisdictional limit of a district court to $200, the court held the trial court could
have properly concluded that the relief sought by Arteaga was below the jurisdictional
minimum. (3)

 Barnes and Arteaga are controlling here. Because Nelson's claim of $6.40 is below
the $200 jurisdictional minimum of the district court, and his pro se pleading did not allege 
a cause of action that would authorize treble or exemplary damages, the action should have
been dismissed for lack of jurisdiction. As an appellate court we have the duty to render
the judgment the trial court should have rendered. See Tex. R. App. P. 43.2(c). 
Accordingly, the trial court's order of dismissal based upon Tex. Civ. Prac. & Rem. Code
Ann. §14.003(a)(2) is reversed and judgment is hereby rendered dismissing Nelson's cause
for want of jurisdiction.

 Don H. Reavis

 Justice


 

 

 



 


1. Nelson is no stranger to this Court. Nelson has been denied relief in Cause
Numbers 07-00-0471-CV, 07-01-0017-CV, 07-01-0074-CV, 07-01-0007-CV, and 07-01-0284-CV.
2. Motion for Summary Judgment filed but never served nor set for a hearing.
3. See also Chapa v. Spivey, 999 S.W.2d 833 (Tex.App.--Tyler 1999, no pet.)
(holding the minimum jurisdiction amount to invoke the jurisdiction of the district court is
$500 notwithstanding the revision by the 69th Legislature in 1985, but otherwise
dismissing the inmate's action as being below $500.