NO. 07-03-0050-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 5, 2003

_____

CHARLES F. NELSON, JR., APPELLANT

V.

U.S. POSTAL SERVICE AND AN UNKNOWN CARRIER, APPELLEES

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 90-014-C; HONORABLE PATRICK PIRTLE, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

By his sole issue, Charles F. Nelson, Jr.[1], an inmate proceeding *pro se* and *in forma pauperis,* contends the trial court abused its discretion by rendering a decision arbitrary and unreasonable in light of the claims and evidence dismissing his action to recover $6.40 against the United States Postal Service and an Unknown Carrier pursuant to a finding without a hearing, that the action was frivolous or malicious, as authorized by Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon Supp. 2003). Based on the rationale expressed herein, we reverse and render.

Initially, we note that even though he is proceeding *pro se*, Nelson is held to the same standard as a licensed attorney and must comply with the applicable laws, rules, and procedure. Greenstreet v. Heiskell, 940 S.W.2d 831, 834 (Tex.App.--Amarillo 1997, no writ); *see also* Mansfield State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978) (holding litigants who represent themselves must comply with the procedures established by the rules notwithstanding the fact that they are not licensed attorneys). Accordingly, notwithstanding Nelson's implied plea that his pleadings and assertions should be given a liberal interpretation, we decline to relax the rule announced in *Greenstreet* and *Mansfield*.

---

[1]Nelson is no stranger to this Court. Nelson has been denied relief in Cause Numbers 07-00-0471-CV, 07-01-0017-CV, 07-01-0074-CV, 07-01-0007-CV, and 07-01-0284-CV.

Nelson filed his suit on July 2, 2002, but according to the record, it appears that as of September 24, 2002, the date of the trial court's order of dismissal, service had not been completed upon appellees. According to his original petition, he asserts he mailed three certified pieces of mail and that two of the items were not received or otherwise destroyed. He alleged fraud, breach of contract, a DTPA claim, and theft. Further, by motion for summary judgment,[2] he alleged contractual relations with the United States Postal Service by paying a consideration to said business for the delivery of certified mail and that only one of three letters was actually delivered. Then, by his conclusion in his motion for reinstatement and/or new trial, he alleged the amount paid by him for the certified mail to be $6.40. Except for this allegation, neither his pleadings nor motions allege the dollar amount of the damages he claims to have sustained. As was presented in Arteaga v. Jackson, 994 S.W.2d 342, 343 (Tex.App.--Texarkana 1999, pet. denied), Nelson did not allege a cause of action that would authorize an award of exemplary or treble damages based on any theory of law. Further, an ordinary breach of contract claim does not support recovery under the Deceptive Trade Practices Act. La Sara Grain Co. v. First Nat. Bank of Mercedes, 673 S.W.2d 558, 565 (Tex. 1984). Moreover, by his brief, appellant limited his claim on appeal to a claim for breach of contract.

Before we consider Nelson's sole issue, we must first address the question of whether appellant's pleading was effective to invoke the jurisdiction of the trial court. As

---

[2]Motion for Summary Judgment filed but never served nor set for a hearing.

a matter of first consideration, any court has the duty to determine, *sua sponte*, whether it has jurisdiction to hear the case. In Barnes v. Bituminous Casualty Corporation, 495 S.W.2d 5, 9 (Tex.Civ.App.--Amarillo 1973, writ ref'd n.r.e.), we held that where the claimant sought to recover only $424 for dental expenses under a compromise settlement agreement, the trial court did not have jurisdiction to entertain a claim for less than $500. Similarly, in *Arteaga*, 994 S.W.2d at 343, where Arteaga alleged damages of $200, but by his prayer sought $700, after discussing the legislative changes in 1985 reducing the minimum jurisdictional limit of a district court to $200, the court held the trial court could have properly concluded that the relief sought by Arteaga was below the jurisdictional minimum.[3]

*Barnes* and *Arteaga* are controlling here. Because Nelson's claim of $6.40 is below the $200 jurisdictional minimum of the district court, and his pro se pleading did not allege a cause of action that would authorize treble or exemplary damages, the action should have been dismissed for lack of jurisdiction. As an appellate court we have the duty to render the judgment the trial court should have rendered. *See* Tex. R. App. P. 43.2(c). Accordingly, the trial court's order of dismissal based upon Tex. Civ. Prac. & Rem. Code

---

[3]*See also* Chapa v. Spivey, 999 S.W.2d 833 (Tex.App.--Tyler 1999, no pet.) (holding the minimum jurisdiction amount to invoke the jurisdiction of the district court is $500 notwithstanding the revision by the 69th Legislature in 1985, but otherwise dismissing the inmate's action as being below $500.

Ann. §14.003(a)(2) is reversed and judgment is hereby rendered dismissing Nelson's cause

for want of jurisdiction.

Don H. Reavis
Justice