BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-04-0261-CV





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 23, 2004


______________________________



IN THE INTEREST OF S.D.S., G.R.R., J.R.R. AND E.M.R., CHILDREN



_________________________________



FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;



NO. 32,803; HON. PHIL N. VANDERPOOL, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 This case is an appeal of a final order terminating the parent-child relationship. The
clerk's record was filed on June 2, 2004, and the reporter's record was filed on June 22,
2004. Thus, appellants' briefs were due on July 12, 2004, since this is an accelerated
case. However, no brief or extension of time to file appellants' briefs was filed on that date. 
So, this Court notified counsel for appellants, by letter on August 16, 2004, that neither the
brief nor an extension of time to file same had been filed. We also admonished counsel
for appellants that if they did not respond to the court's letter by August 26, 2004, the
appeal would be subject to dismissal. On August 18, 2004, counsel for appellant Filemon
Sanchez notified this court that under Texas Family Code section 263.405(g), the filing of
an appellant's brief is "discretionary and is not required unless the court of appeals
determines that the brief would be of assistance in resolving the matters presented on
appeal." Attorneys for appellants Johnny Sanchez and Cassandra Ramirez have not
responded to the August 16, 2004 letter. 

 Accordingly, we abate this appeal and remand the cause to the 223rd District Court
of Gray County (trial court). Upon remand, the trial court shall immediately cause notice
of a hearing to be given and, thereafter, conduct a hearing to determine the following:

 1. whether appellants desire to prosecute the appeal;

 

 2. whether appellants are indigent and entitled to appointed counsel; and,


 3. whether appellants have been denied the effective assistance of
counsel due to appellate counsel's failure to timely file an appellate
brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35,
83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is
entitled to the effective assistance of counsel on the first appeal as of
right and that counsel must be available to assist in preparing and
submitting an appellate brief). 

 Should the trial court find that appellants desire to pursue this appeal, are indigent,
and have been denied effective assistance of counsel, then we further direct it to appoint
new counsel to assist them in the prosecution of the appeal. We further direct the trial
court to issue findings of fact and conclusions of law addressing the foregoing subjects. 
The name, address, phone number, telefax number, and state bar number of the new
counsel who will represent appellants on appeal must also be included in the trial court's
findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before September 22, 2004. Should
additional time be needed to perform these tasks, the trial court may request same on or
before September 22, 2004.

 It is so ordered.

 Per Curiam



align: center">AT AMARILLO

PANEL B

FEBRUARY 28, 2008
______________________________

ROBERT CONWAY, APPELLANT

V.

RICHARD THOMPSON, ET AL., APPELLEES
_________________________________

FROM THE 87TH DISTRICT COURT OF ANDERSON COUNTY;

NO. 9991; HONORABLE DEBORAH OAKES EVANS, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant Robert Conway appeals from the trial court’s order dismissing his claims
with prejudice pursuant to a plea to the jurisdiction. We reverse the dismissal.
Background
          Conway, a prison inmate, filed a pro se and in forma pauperis suit against Robert
Thompson III, Martina Cordell and Leslie Hazlewood, employees of the Texas Department
of Criminal Justice. He alleged the defendants wrongfully confiscated his cowboy boots
and broke his word processor.


 His pleadings placed a “tangible” value of $270 on the
word processor and $125 on the boots.
          After answering the suit, appellees filed a plea to the jurisdiction, asserting Conway
had failed to plead actual damages above the district court’s minimum jurisdictional limit.
They argued that minimum jurisdictional limit is $500. The trial court agreed, and
dismissed Conway’s suit. He appealed, and the appeal later was transferred from the
Twelfth Court of Appeals to this Court.
                                                                Analysis
          Through four points of error, Conway contends the trial court erred when it
dismissed his lawsuit based on appellees’ plea to the jurisdiction, erred when it dismissed
his petition with prejudice,


 erred when it dismissed his suit without notice and erred when
it refused to make findings of fact and conclusions of law.
Standard of Review
          In his arguments to this Court, Conway appears to urge an abuse of discretion
review. However, we review a trial court’s granting of a plea to the jurisdiction de novo. 
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S.
1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); Levatte v. City of Wichita Falls, 144
S.W.3d 218, 222 (Tex.App.–Fort Worth 2004, no pet.). We will apply a de novo standard
of review to the trial court’s dismissal of Conway’s suit.
Minimum Amount in Controversy
          When a defendant asserts that the amount in controversy is below the court's
jurisdictional limit, the plaintiff's pleadings are determinative unless the defendant
specifically alleges that the amount was pleaded merely as a sham for the purpose of
wrongfully obtaining jurisdiction, or the defendant can readily establish that the amount in
controversy is insufficient. Bland Independent School Dist. v. Blue, 34 S.W.3d 547, 554
(Tex. 2000).


 The phrase “amount in controversy,” in the jurisdictional context, means the
sum of money or the value of the thing originally sued for. Tune v. Tex. Dep’t of Public
Safety, 23 S.W.3d 358, 361 (Tex. 2000). Conway originally sued for damages and
alternatively requested the return of his cowboy boots, which he valued at $125, and the
repair or replacement of his word processor, which he valued at $270. Whether we
consider Conway’s suit as one seeking damages or for other relief, we agree with
appellees that the amount in controversy, for our purpose here, is $395. 
 
          Conway and appellees acknowledge the differing opinions among the courts of
appeals with regard to the minimum amount in controversy currently required to invoke the
jurisdiction of a district court. Compare Chapa v. Spivey, 999 S.W.2d 833, 835-36
(Tex.App.–Tyler 1999, no pet.) (minimum jurisdictional amount is still $500) with Arteaga
v. Jackson, 994 S.W.2d 342 (Tex.App.–Texarkana 1999, pet. denied) (as result of 1985
constitutional and statutory amendments, minimum jurisdictional amount was reduced to
$200.01).


 Our Supreme Court has taken note of the question but has not had occasion
to resolve it. See, e.g., Dubai Petr. Co. v. Kazi, 12 S.W.3d 71, 75 n.4 (Tex. 2000) (noting
there may no longer be a jurisdictional minimum for district courts). See also Sultan v.
Mathew, 178 S.W.3d 747,756 (Tex. 2005) (Hecht, J., dissenting) (also noting “whether any
such limit remains [after the 1985 constitutional amendment] is an unresolved question”);
Smith v. Clary Corp., 917 S.W.2d 796, 799 n.3 (Tex. 1996) (per curiam) (referring to “open
question whether district courts now have minimum jurisdictional amounts after the 1985
constitutional amendments”). 
          The damages Conway seeks are under $500.


 He filed his petition in the 87th
Judicial District Court, a court within the Twelfth Court of Appeals District. The Twelfth
Court of Appeals has held that a district court's minimum jurisdictional limit is $500. See
Chapa, 999 S.W.2d at 834.
          We, however, have agreed with the courts that, focusing on the express language
of the constitutional and statutory provisions addressing jurisdiction of the district courts,
hold the current minimum amount in controversy required for district court jurisdiction is
$200.01. See Ramirez v. Dietz, No. 07-04-0108-CV, 2006 WL 507947 (Tex.App.–Amarillo
March 1, 2006, no pet.) (mem. op.) (citing Nelson v. U.S. Postal Service, No. 07-03-0050-CV, 2003 WL 22069558 (Tex.App.–Amarillo Sept. 5, 2003, no pet.) (mem. op.)). 
          Appellees urge us to recognize that the trial court acted correctly based on Twelfth
Court of Appeals case law. Conway responds that we must follow our own prior holdings,
and that appellees’ remedy is to seek Supreme Court review. Confronted with this clear
difference in the law as applied by the appellate court from which this case was transferred
and our own previous decisions, we agree with the view expressed in American Nat’l Ins.
Co. v. International Bus. Machine Corp., 933 S.W.2d 685, 687 (Tex.App.–San Antonio
1996, writ denied). The court there stated that in such a circumstance a transferee court
should not blindly apply either the transferring court’s precedent or its own but instead
should reach its best conclusion as to what the law of the State of Texas is on the issue
before it. Id.


 Having again examined the question, we will adhere to our previous
conclusion that the rationale set forth in Arteaga v. Jackson, 994 S.W.2d at 342, expresses
the law of our state on the minimum amount in controversy necessary to sustain jurisdiction
in the district courts, that is, that such amount is $200.01. 
          Conway has plead actual damages in the amount of $395, an amount in excess of
the jurisdictional amount required for district court jurisdiction. Accordingly, we conclude
the trial court erred in its conclusion it lacked subject matter jurisdiction over his suit. We
sustain Conway’s first issue.
          Given our disposition of Conway’s first issue, we do not reach his remaining issues. 
Tex. R. App. P. 47.1. The judgment of the trial court is reversed, and the cause is
remanded for further proceedings.
 
                                                                James T. Campbell

                                                                           Justice 









Quinn, C.J., dissenting.