In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00097-CV


______________________________




RONALD SCOTT HAYWOOD, Appellant





V.



HUDSON & KEYSE, L.L.C., ASSIGNEE OF


WELLS FARGO NATIONAL BANK, Appellee



 


On Appeal from the County Court at Law


Gregg County, Texas


Trial Court No. 2004-2454-A




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Hudson & Keyse, L.L.C., as assignee of Wells Fargo National Bank, brought suit against
Ronald Scott Haywood in the 188th Judicial District Court of Gregg County for debt in the amount
of "$.00" on an account, seeking judgment in the amount of "$.00" plus interest, costs, and attorney's
fees of $489.96. Hudson & Keyse obtained a default judgment against Haywood, not for zero
dollars, but for over $5,000.00 in principal and interest, plus court costs and $489.96 in attorney's
fees. Haywood now brings a restricted appeal, to which Hudson & Keyse failed to file a response.

Restricted Appeal

 To prevail on a direct attack on a judgment by a restricted appeal, an appellant "must
establish that: (1) it filed notice of the restricted appeal within six months after the judgment was
signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that
resulted in the judgment complained of and did not timely file any postjudgment motions or requests
for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." 
Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004); see also Tex. R. App. P. 26.1(c),
30. 

 On the first requirement, Haywood filed his notice of appeal within six months of judgment. (1) 
On the second and third requirements, Haywood was a party to the suit below, did not participate
in any manner in the proceedings resulting in the judgment against him, and filed no post-judgment
motions. On the fourth requirement, Haywood raises four errors apparent on the face of the record: 
lack of subject-matter jurisdiction, lack of personal jurisdiction over Haywood, judgment that is not
supported by the pleadings, and legal insufficiency of evidence supporting attorney's fees. 

Subject-Matter Jurisdiction

 Whether a court has subject-matter jurisdiction is an issue of law which is reviewed de novo. 
Tex. Dep't of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 646 (Tex. 2004); Tex. Dep't of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). This Court has held that a district court
has no jurisdiction over civil matters where the amount in controversy is $200.00 or less. See Tex.
Const. art. V, §§ 8, 19; Arteaga v. Jackson, 994 S.W.2d 342 (Tex. App.--Texarkana 1999, pet.
denied); cf. Sultan v. Mathew, 178 S.W.3d 747, 756 n.24 (Tex. 2005) (Hecht, J., dissenting) (noting
split in courts of appeals over whether constitutional jurisdictional minimum amount in controversy
is $200.01 or $500.00); Peek v. Equip. Serv. Co., 779 S.W.2d 802, 803-04 n.4 (Tex. 1989) (noting
that legislative and constitutional changes raise question as to actual jurisdictional minimum). But
see Chapa v. Spivey, 999 S.W.2d 833, 835-36 (Tex. App.--Tyler 1999, no pet.) (holding
jurisdictional minimum is still $500.00). 

 "The plaintiff's allegations in the petition of the amount in controversy control for
jurisdictional purposes . . . ." Miranda, 133 S.W.3d at 224 n.4; see also Richardson v. First Nat'l
Life Ins. Co., 419 S.W.2d 836 (Tex. 1967). Hudson & Keyse's petition expressly sought, on an
account and debt of zero dollars, the district court's judgment of zero dollars, plus prejudgment
interest of twenty percent of zero dollars, which is zero dollars. This totals zero dollars and is below
the district court's jurisdictional minimum amount in controversy.

 Nonetheless, Hudson & Keyse also sought attorney's fees of over $400.00. "In determining
the amount in controversy for jurisdictional purposes, attorney's fees that properly are a part of the
matter in controversy are taken into consideration, . . . but insupportable allegations of entitlement
to attorney's fees are not to be considered." Barnes v. Bituminous Cas. Corp., 495 S.W.2d 5, 9 (Tex.
Civ. App.--Amarillo 1973, writ ref'd n.r.e.) (citations omitted). Indeed, claimed attorney's fees to
which petitioner is not entitled "are a mere surplusage, without foundation in law and add nothing
to the statement of the plaintiff's purported cause of action." Provident Ins. Co. v. Browning, 157
S.W.2d 971, 972 (Tex. Civ. App.--Eastland 1941, no writ). 

 A party is entitled to recover attorney's fees under Tex. Civ. Prac. & Rem. Code Ann.
§ 38.001 (Vernon 1997). To recover fees under Section 38.001, "a party must (1) prevail on a cause
of action for which attorney's fees are recoverable, and (2) recover damages." Green Int'l, Inc. v.
Solis, 951 S.W.2d 384, 390 (Tex. 1997). Because Hudson & Keyse pled the right to recover no
damages, they pled themselves out of the right to recover attorney's fees on those damages. (2) Cf.
Peek, 779 S.W.2d at 804.

 We find that the district court lacked subject-matter jurisdiction because of Hudson &
Keyse's failure to plead the minimum amount in controversy. This error is apparent on the face of
the record and entitles Haywood to his restricted appeal. We further find that, because it is clear that
the court rendering the judgment had no jurisdiction, the judgment is void. See Mapco, Inc. v.
Forrest, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding) (per curiam). Because the issue of
subject-matter jurisdiction is dispositive, we need not address the remaining alleged errors Haywood
raises.

 We vacate the trial court's judgment and dismiss the case. 

 

 Jack Carter

 Justice


Date Submitted: April 4, 2007

Date Decided: April 20, 2007

1. The district court judgment states it was signed "24 day of March, 2006," which would make
the notice of restricted appeal due before September 24, 2006. Haywood's appeal was filed
September 22, 2006. We parenthetically note that the date of judgment may contain an error--i.e.,
it states March, but may be May. The judgment is based on an affidavit filed May 23, 2006; the
judgment itself was filed May 25, 2006; and the docket indicates it was entered May 24, 2006. 
Nonetheless, Haywood's notice of appeal is timely under either date. 
2. Moreover, even if the $489.96 in attorney's fees claimed in the petition were sufficient to
give the district court jurisdiction, Hudson & Keyse later alleged facts that showed an entitlement
to no fee whatsoever. In the affidavit submitted in support of the fees, Hudson & Keyse's attorney
stated that the reasonable fee for services in this matter would be "15% of the principal amount due." 
Fifteen percent of zero due is zero.