NO. 07-06-0284-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2008
_____

ROBERT CONWAY, APPELLANT

V.

RICHARD THOMPSON, ET AL., APPELLEES
_____

FROM THE 87TH DISTRICT COURT OF ANDERSON COUNTY;

NO. 9991; HONORABLE DEBORAH OAKES EVANS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Robert Conway appeals from the trial court's order dismissing his claims
with prejudice pursuant to a plea to the jurisdiction.  We reverse the dismissal.

Background

Conway, a prison inmate, filed a *pro se* and *in forma pauperis* suit against Robert
Thompson III, Martina Cordell and Leslie Hazlewood, employees of the Texas Department
of Criminal Justice.  He alleged the defendants wrongfully confiscated his cowboy boots

and broke his word processor.[1] His pleadings placed a "tangible" value of $270 on the word processor and $125 on the boots.

After answering the suit, appellees filed a plea to the jurisdiction, asserting Conway had failed to plead actual damages above the district court's minimum jurisdictional limit. They argued that minimum jurisdictional limit is $500. The trial court agreed, and dismissed Conway's suit. He appealed, and the appeal later was transferred from the Twelfth Court of Appeals to this Court.

Analysis

Through four points of error, Conway contends the trial court erred when it dismissed his lawsuit based on appellees' plea to the jurisdiction, erred when it dismissed his petition with prejudice,[2] erred when it dismissed his suit without notice and erred when it refused to make findings of fact and conclusions of law.

*Standard of Review*

In his arguments to this Court, Conway appears to urge an abuse of discretion review. However, we review a trial court's granting of a plea to the jurisdiction *de novo.*

---

[1] Conway's suit was dismissed twice before. *See Conway v. Thompson,* No. 06-04-00072-CV, 2005 WL 548897 (Tex.App.–Texarkana March 10, 2005, no pet.) (mem. op.); *Conway v. Thompson,* No. 12-03-0422-CV, 2004 WL 583878 (Tex.App.–Tyler March 24, 2004, no pet.) (mem. op.).

[2] We find Conway's first appellate issue to be dispositive of the appeal and do not reach his remaining issues. We note, however, that appellees concede the trial court's dismissal should have been without prejudice.

*Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998), *cert. denied,* 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); *Levatte v. City of Wichita Falls,* 144 S.W.3d 218, 222 (Tex.App.–Fort Worth 2004, no pet.). We will apply a *de novo* standard of review to the trial court's dismissal of Conway's suit.

*Minimum Amount in Controversy*

When a defendant asserts that the amount in controversy is below the court's jurisdictional limit, the plaintiff's pleadings are determinative unless the defendant specifically alleges that the amount was pleaded merely as a sham for the purpose of wrongfully obtaining jurisdiction, or the defendant can readily establish that the amount in controversy is insufficient. *Bland Independent School Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000).[3] The phrase "amount in controversy," in the jurisdictional context, means the sum of money or the value of the thing originally sued for. *Tune v. Tex. Dep't of Public Safety,* 23 S.W.3d 358, 361 (Tex. 2000). Conway originally sued for damages and alternatively requested the return of his cowboy boots, which he valued at $125, and the repair or replacement of his word processor, which he valued at $270. Whether we consider Conway's suit as one seeking damages or for other relief, we agree with appellees that the amount in controversy, for our purpose here, is $395.

Conway and appellees acknowledge the differing opinions among the courts of appeals with regard to the minimum amount in controversy currently required to invoke the

---

[3] Appellees make no suggestion of a sham pleading here.

jurisdiction of a district court. *Compare Chapa v. Spivey*, 999 S.W.2d 833, 835-36 (Tex.App.–Tyler 1999, no pet.) (minimum jurisdictional amount is still $500) with *Arteaga v. Jackson*, 994 S.W.2d 342 (Tex.App.–Texarkana 1999, pet. denied) (as result of 1985 constitutional and statutory amendments, minimum jurisdictional amount was reduced to $200.01).[4] Our Supreme Court has taken note of the question but has not had occasion to resolve it. *See*, *e.g.*, *Dubai Petr. Co. v. Kazi,* 12 S.W.3d 71, 75 n.4 (Tex. 2000) (noting there may no longer be a jurisdictional minimum for district courts). *See also Sultan v. Mathew,* 178 S.W.3d 747,756 (Tex. 2005) (Hecht, J., dissenting) (also noting "whether any such limit remains [after the 1985 constitutional amendment] is an unresolved question"); *Smith v. Clary Corp.*, 917 S.W.2d 796, 799 n.3 (Tex. 1996) (per curiam) (referring to "open question whether district courts now have minimum jurisdictional amounts after the 1985 constitutional amendments").

The damages Conway seeks are under $500.[5] He filed his petition in the 87th Judicial District Court, a court within the Twelfth Court of Appeals District. The Twelfth Court of Appeals has held that a district court's minimum jurisdictional limit is $500. *See Chapa,* 999 S.W.2d at 834.

---

[4] *See also Arnold v. West Bend Co.*, 983 S.W.2d 365, 366 n.1 (Tex.App.–Houston [1st Dist.] 1998, no pet.). *But see* 1 William V. Dorsaneo III, *Texas Litigation Guide* § 2.01[3][b][ii] (2007) (opining that the "most sensible conclusion" is that minimum jurisdictional amount remains $500).

[5] Conway also plead for punitive damages and other relief. We need not consider whether his doing so affected the district court's jurisdiction.

We, however, have agreed with the courts that, focusing on the express language of the constitutional and statutory provisions addressing jurisdiction of the district courts, hold the current minimum amount in controversy required for district court jurisdiction is $200.01. *See Ramirez v. Dietz,* No. 07-04-0108-CV, 2006 WL 507947 (Tex.App.–Amarillo March 1, 2006, no pet.) (mem. op.) (*citing Nelson v. U.S. Postal Service,* No. 07-03-0050-CV, 2003 WL 22069558 (Tex.App.–Amarillo Sept. 5, 2003, no pet.) (mem. op.)).

Appellees urge us to recognize that the trial court acted correctly based on Twelfth Court of Appeals case law. Conway responds that we must follow our own prior holdings, and that appellees' remedy is to seek Supreme Court review. Confronted with this clear difference in the law as applied by the appellate court from which this case was transferred and our own previous decisions, we agree with the view expressed in *American Nat'l Ins. Co. v. International Bus. Machine Corp.,* 933 S.W.2d 685, 687 (Tex.App.–San Antonio 1996, writ denied). The court there stated that in such a circumstance a transferee court should not blindly apply either the transferring court's precedent or its own but instead should reach its best conclusion as to what the law of the State of Texas is on the issue before it. *Id.*[6] Having again examined the question, we will adhere to our previous conclusion that the rationale set forth in *Arteaga v. Jackson*, 994 S.W.2d at 342, expresses the law of our state on the minimum amount in controversy necessary to sustain jurisdiction in the district courts, that is, that such amount is $200.01.

---

[6] *See Perez v. Murff,* 972 S.W.2d 78, 86 (Tex.App.–Texarkana 1998, pet. denied) (also expressing agreement with the analysis of the San Antonio court concerning conflicts between courts of appeals).

Conway has plead actual damages in the amount of $395, an amount in excess of the jurisdictional amount required for district court jurisdiction. Accordingly, we conclude the trial court erred in its conclusion it lacked subject matter jurisdiction over his suit. We sustain Conway's first issue.

Given our disposition of Conway's first issue, we do not reach his remaining issues. Tex. R. App. P. 47.1. The judgment of the trial court is reversed, and the cause is remanded for further proceedings.


James T. Campbell
Justice


Quinn, C.J., dissenting.