Samuel E. ARNOLD, Appellant,

v.

WEST BEND CO. and Patsy Tarkington, Appellees.

No. 01–97–00531–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 30, 1998.

■ Samuel E. Arnold, Tennessee Colony, for Appellants.

Jean Shieh Wong, Georgia Meaney, Austin, for Appellees.

Before Chief Justice SCHNEIDER and Justices WILSON and ANDELL.

## OPINION

DAVIE WILSON, Justice.

■ Samuel E. Arnold, appellant, sued appellees West Bend Co. and Patsy Tarkington, an employee of the Texas Department of Criminal Justice, over a defective hot plate. Arnold pleaded for damages in the amount of $262.50. Tarkington filed a plea to the jurisdiction based on (1) lack of subject matter

jurisdiction in the district court because the amount in controversy was less than $500.00 [1] and (2) governmental immunity.[2] The trial granted Tarkington's plea to the jurisdiction and allegedly dismissed Arnold's claims "with prejudice." Tarkington has now filed a motion to dismiss for want of jurisdiction, claiming Arnold did not timely perfect his appeal.

■ We dismiss Tarkington's motion to dismiss as moot because we must dismiss the appeal for a separate reason—there is no final, appealable judgment. The trial court's dismissal order does not dispose of Arnold's claims against West Bend Co., and there is no Mother Hubbard clause. We have no jurisdiction over interlocutory judgments absent specific statutory authorization. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997).

We dismiss the appeal for want of jurisdiction.

1. This case is replete with jurisdictional problems. In her plea to the jurisdiction filed by the attorney general, Tarkington states that Government Code section 24.007 establishes the district court's minimum amount in controversy at $500.00. TEX. GOV'T CODE ANN. § 24.007 (Vernon 1988) ("The district court has the jurisdiction provided by Article V, Section 8, of the Texas Constitution."). This is incorrect; it is $200.01.

The adoption of the 1876 constitution raised the district court's minimum amount in controversy from $100.00 to $500.00, exclusive of interest. TEX. CONST. art. V, § 8, para. 1 (1876, amended 1891, 1985) *in* 8 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822–1897, at 802 (Austin, Gammel Book Co. 1898) ("The District Court shall have original jurisdiction ... of all suits, complaints, or pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at, or amount to five hundred dollars exclusive of interest...."). From 1879 to 1985, the legislature duplicated this constitutional provision by statute. Revised Statutes, 16th Leg., R.S., § 1, art. 1117(6), 1879 Tex.Rev.Civ. Stat. 2, 182, *repealed and recodified by* Revised Statutes, 24th Leg., R.S., § 1, art. 1098(6), § 4, 1895 Tex.Rev.Civ. Stat. 1, 254 (recodification), 1103 (repealer), *repealed and recodified by* Revised Statutes, 32d Leg., R.S., § 1, art. 1705(6), § 4, 1911 Tex.Rev.Civ. Stat. 2, 387 (recodification), 1719 (repealer), *repealed and recodified by* Revised Statutes, 39th Leg., R.S., § 1, art. 1906(6), § 2, 1925 Tex.Rev.Civ. Stat. 2, 528 (recodification), 2419 (repealer) (former TEX. REV.CIV. STAT. art.1906(6)), *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 26(1), 1985 Tex. Gen. Laws 1720, 2048. This statutory provision was omitted when the statute was codified into the Government Code because it duplicated the constitution's jurisdictional grant. TEX. GOV'T CODE ANN. § 24.007 revisor's note (Vernon 1988). The district court's constitutional minimum-amount-in-controversy jurisdiction was deleted as a part of the November 5, 1985 amendment of article V, section 8. *See* TEX. CONST. art. V, § 8. As a result, the district court's minimum-amount-in-controversy jurisdiction was reduced, perhaps unintentionally, from $500.00 to $200.01. *See* TEX. CONST. art. V, §§ 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body."), 19 ("Justice of the peace courts shall have ... exclusive jurisdiction in civil matters where the amount in controversy is two hundred dollars or less....").

2. It is unclear from the pleadings that Arnold sued Tarkington in her official capacity as a state employee, thus potentially invoking governmental immunity. *See State v. Lain*, 162 Tex. 549, 349 S.W.2d 579, 582 (Tex.1961).