NUMBER 13-04-562-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

LAFAYETTE S. ARCHIE,                                            Appellant,

 

                                           v.

 

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, 

INSTITUTIONAL DIVISION, ET AL,                               Appellees

 

 

 

                   On appeal from the 24th District Court

                           of De Witt
County, Texas.

 

 

 

                     MEMORANDUM OPINION

 

     Before Chief Justice Valdez and
Justices Castillo and Garza

                  Memorandum Opinion by Justice Castillo

 








Appellant, Lafayette
Archie, an indigent inmate in the Texas Department of Criminal JusticeBInstitutional Division
(TDCJ), appeals his pro se case under chapter 14 of the Texas Civil
Practice and Remedies Code.[1]
 See Tex. Civ. Prac. & Rem. Code Ann. ' 14.003 (Vernon
2002).  He sued appellees,[2]
seeking damages for lost property.  We
affirm. 

I.  Background

After exhausting
administrative remedies, Archie sued appellees seeking "recovery of his
lost property" or actual damages. 
He alleged that, upon transfer and return to separate units within TDCJ,
his properly inventoried personal property was not returned to him.  Archie
filed a motion to proceed in forma pauperis, a declaration of previous court
filings, and a declaration of previous grievance filings.  Appellees filed a plea to the jurisdiction
asserting (1) lack of jurisdiction because the amount sought in damages was
valued below $500, and (2) sovereign immunity. 
Appellees also filed a motion to dismiss under chapter fourteen of the
civil practice and remedies code.  See
Tex. Civ. Prac. & Rem. Code Ann.' 14.003. 
Archie filed a response, asserting generally that the plea and the
motion had no basis in law or in fact.  The trial
court granted both the plea and motion. 
This appeal ensued.

II.  Issues Presented








Archie presents two
issues:  (1) whether the trial court
erred in granting appellees' plea to the jurisdiction; and (2) whether the
trial court erred in dismissing his lawsuit as frivolous.

III.  Scope
and Standard of Review

As a general
proposition, before a court may address the merits of any case, the court must
have jurisdiction over the party or the property subject to the suit,
jurisdiction over the subject matter, jurisdiction to enter the particular
judgment, and capacity to act as a court. 
State Bar of Tex. v. Gomez, 891 S.W.2d 243, 245 (Tex. 1994).  If the district court lacks jurisdiction,
then its decision would not bind the parties. 
See id.  A decision
that does not bind the parties is, by definition, an advisory opinion prohibited
by Texas law.  See id.  

A trial court's lack
of subject matter jurisdiction is fundamental error and may be raised the first
time on appeal.  See Tex. Ass'n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 442-44 (Tex. 1993).  Whether a court has subject matter
jurisdiction is a question of law. 
Tex. Dep't of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 226
(Tex. 2004).  Whether a pleader has
alleged facts that affirmatively demonstrate a trial court's subject matter
jurisdiction is a question of law reviewed de novo.  Id.  Likewise, whether undisputed evidence of
jurisdictional facts establishes a trial court's jurisdiction is also a
question of law.  Id.  However, in some cases, disputed evidence of
jurisdictional facts that also implicate the merits of the case may require
resolution by the finder of fact.  Id.  








When a plea to the
jurisdiction challenges the pleadings, we determine if the pleader has alleged
facts that affirmatively demonstrate the court's jurisdiction to hear the
cause.  Id.  We construe the pleadings liberally in favor
of the plaintiffs and look to the pleader's intent.  Id. 
If the pleadings do not contain sufficient facts to affirmatively
demonstrate the trial court's jurisdiction but do not affirmatively demonstrate
incurable defects in jurisdiction, the issue is one of pleading sufficiency and
the plaintiff should be afforded the opportunity to amend.  Id. at 226-27.  If the pleadings affirmatively negate the
existence of jurisdiction, then a plea to the jurisdiction may be granted
without allowing the plaintiffs an opportunity to amend.  Id. at 227.  

IV.  Discussion








Assuming without
deciding that Archie preserved error even though his complaint below differs
from the complaint on appeal, Archie seeks damages under $500.[3]  A district court's minimum jurisdictional
limit is $500.00.  See Chapa v. Spivey,
999 S.W.2d 833, 834 (Tex. App.BTyler 1999, no pet.)
(per curiam) (citing Tex. Const. art. V, _ 8; Tex. Gov't.
Code Ann. _ 24.007 (Vernon 2004)).[4]  Because Archie seeks damages under the
district court's minimum jurisdictional limits, we conclude that the trial
court properly granted the plea to the jurisdiction.  We overrule his first issue.  Because our disposition of the first issue is
dispositive, we need not reach his second issue.  See Tex.
R. App. P. 47.1. 

V.  CONCLUSION   

We affirm the trial
court's order granting the plea to the jurisdiction. 

 

ERRLINDA CASTILLO

Justice

 

 

 

Memorandum Opinion delivered and filed

this the 13th day of October, 2005.

 











[1] Chapter 14, also known as the
"Inmate Litigation Act," applies to a suit brought by an inmate in a
district court in which an inmate files an unsworn declaration of inability to
pay costs.  See Tex. Civ.
Prac. & Rem. Code
Ann. ' 14.002(a) (Vernon 2002); Warner
v. Glass, 135 S.W.3d 681, 683‑84 (Tex. 2004) (per curiam) (holding
that "a pro se inmate's claim under section 14.004 of the Inmate
Litigation Act is deemed filed at the time the prison authorities duly receive
the document to be mailed.").  The
parties do not dispute that chapter 14 applies. 
See Tex. R. App. P. 38.1(f) ("In a civil case,
the court will accept as true the facts stated unless another party contradicts
them.").   





[2] Appellees are Doug Dretke, Susan
Rivas, Fernater Smith, and Marianne Thieme.





[3] Archie seeks damages in the amount
of $145.93.





[4] We observe, as appellees point
out, that two of our sister courts have held that the district court's
jurisdictional limit is $200.  See
Arnold v. West Bend Co., 983 S.W.2d 365, 366 (Tex. App.BHouston [1st Dist.] 1998, no pet.);
Arteaga v. Jackson, 994 S.W.2d 342, 342 (Tex. App.BTexarkana 1999, pet. denied).