NO. 07-04-0108-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 1, 2006

_____

ISIDRO MARTINEZ RAMIREZ, APPELLANT

v.

PROPERTY OFFICER DIETZ, ET AL., APPELLEES

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-525,063; HON. SAM MEDINA, PRESIDING

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

In the suit giving rise to this appeal, appellant Isidro Martinez Ramirez, an inmate incarcerated in the Institutional Division of the Texas Department of Criminal Justice (TDCJ), appearing *pro se* and *in forma pauperis,* sought recovery for damaged and/or lost property that allegedly occurred during his transfer to the Montford Unit of the TDCJ. Specifically, he sought recovery in the amount of $268 for the loss of his prescription

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

eyeglasses and $100 damages for his "loss and injury" allegedly caused by appellees Dietz and Duffy. In addition, he sought recovery of $82 under the Texas Theft Liability Act, *see* §§134.001 *et seq.* of the Texas Civil Practice and Remedies Code (Vernon 2005), and $650 in punitive damages, making a total of $1,100 sought by him in the suit.

In response to appellant's suit, the Attorney General of Texas filed a plea to the jurisdiction of the trial court asserting that the true amount in controversy was the $268 value of the eyeglasses, which is less than the $500 the Attorney General asserts is the jurisdictional minimum limit of the district courts in Texas. In supporting that theory, the Attorney General asserted that appellant "has provided no statute that allows for treble damages" and "punitive damages are not appropriate for Ramirez's damaged or lost property." The trial court granted that plea and dismissed the suit on March 1, 2004. Hence, this appeal.

Because the first obligation of an appellate court is to determine its jurisdiction to consider an appeal, we must initially consider the jurisdictional minimum of the trial court. Historically, a district court's minimum jurisdictional amount was $500, as set out by article 1906 of the Revised Civil Statutes of Texas.[2] That statutory provision was omitted when article 1906 was codified into the Government Code because it duplicated the constitution's jurisdictional grant. Tex. Gov't Code Ann. §24.007 revisor's note (Vernon 2004). However, the district court's constitutional minimum amount-in-controversy jurisdiction was deleted as a part of the 1985 amendment of article V, § 8 of the state constitution. In pertinent part,

---

[2]Codified as Tex. Gov't Code Ann. §24.007, Act of May 17, 1985, 69th Leg., R.S., ch. 480, §1, 1985 Tex. Gen. Laws 1745, *amended by* Act of April 30, 1987, 70th Leg., R.S., ch. 148, §1.36, 1987 Tex. Gen. Laws 538.

that section now states: "District court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body . . . ."[3]

There is a division in the Courts of Appeal as to the effect of the deletion of the former stated amount of the minimum amount-in-controversy jurisdiction of the district courts. For example, in *Arteaga v. Jackson,* 994 S. W. 2d 342 (Tex. App.–Texarkana 1999, pet. denied), the court considered that the effect of the deletion of the former specific statement of the amount of the district court's minimum amount-in-controversy as being $500 was to reduce that minimum jurisdictional amount to $200.01. *Id.* In reaching that conclusion, the court referred to the article V, §19 provision of our state constitution which expressly gives the justice courts exclusive jurisdiction in cases in which the amount in controversy is "two hundred dollars or less . . . ." TEX. CONST. art. V, §19. That being the only authorization of exclusive jurisdiction in a court other than the district court, the *Arteaga* court reasoned that under the present statutes, because of the deletion of any specific minimum amount coupled with the provision as to the exclusive jurisdiction of the justice court in amounts less than $200, the minimum amount-in-controversy jurisdiction of the district court was $200.01. *Arteaga v. Jackson,* 999 S.W.2d at 342; *see also Arnold v. West Bend Co.,* 983 S.W.2d 365, 366, n.1 (Tex. App.–Houston [1st Dist.] 1998, no pet.).

---

[3]There is an extensive discussion of this history in *Arnold v. West Bend Co.,* 983 S.W.2d 365, 366 n.1 (Tex. App.--Houston [1st Dist.] 1998, no pet.)*.* In that opinion, and in *dicta,* the court expressed the opinion that the district court's minimum amount-in-controversy was $200.01. *Id.*

3

However, in *Chapa v. Spivey*, 999 S.W.2d 833 (Tex. App.–Tyler 1999, no pet.), the court determined that the minimum amount-in-controversy jurisdiction of the district court was still $500. *Id.* at 836. In arriving at that conclusion, the court considered in some detail the legislative history of the deletion of a specific minimum amount-in-controversy in the 1985 amendment of article V, §8 of our state constitution and in the ensuing enactment of section 24.007 of the Government Code, in the light of the expressed legislative intent in the enactment of the current version that "no substantive change in the law is intended." It then concluded that "the 1985 recodification including section 24.007 and the 1985 amendment to article V, section 8 did not change the minimum jurisdictional amount in controversy requirement of district courts." The difference between the conflicting courts of appeal decisions has not yet been resolved by our supreme court.

In *Nelson v. United States Postal Serv.,*No. 07-03-0050 CV, 2003 Tex. App. LEXIS 7833 at *4-5 (Tex. App.–Amarillo September 5, 2003, no pet.), this court held that the *Arteaga* rationale was applicable and that the minimum jurisdictional amount of the district court is $200. In the instant proceeding, appellant seeks a recovery in a total amount of $1,100. However, his alleged damages in excess of the $268 value of the eyeglasses are punitive in nature. We agree with the State that these alleged damages are subject to the limitations contained within the Texas Tort Claims Act including the statutory cap on damages recovery, indemnification, the non-availability of punitive damages, and the non-availability of attorney fees. *See* Tex. Civ. Prac. & Rem. Code Ann. §§101.001 *et seq.* (Vernon 2005). Even so, inasmuch as his alleged damages of $268 are in excess of the $200 minimum amount in controversy which we have determined is applicable, the trial court did have jurisdiction to consider this dispute.

Accordingly, we must, and do hereby, reverse the judgment of the trial court and remand this cause for further proceedings.

John T. Boyd
Senior Justice