Terry Mitchell **ACREMAN**, Appellant,

v.

**Gayle F. SHARP**, Appellee.

No. 09–08–00219–CV.

Court of Appeals of Texas, Beaumont.

Submitted on Feb. 5, 2009.

Decided April 2, 2009.

Terry Acreman, Livingston, pro se.

Greg Abbott, Atty. Gen., Julia Hamill Murray, Ryan Kercher, Asst. Atty's Gen., Austin, for appellee.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

Terry Mitchell Acreman, an inmate proceeding *pro se* and *in forma pauperis,* appeals from the trial court's order dismissing his case for lack of jurisdiction. We reverse the order dismissing the case for lack of jurisdiction, and remand it for further proceedings.

### Background

On December 18, 2007, Acreman filed suit in the 411th District Court of Polk County, Texas, against Gayle F. Sharp, an employee of the Texas Department of Criminal Justice. Acreman alleged that Sharp inadequately supervised inmates while the inmates packed Acreman's property and as a result, some of Acreman's property was stolen. Acreman's petition specifically stated that the stolen property had a value of $400.00; Acreman also sought $400.00 in punitive damages.

On March 5, 2008, the Attorney General filed an *amicus curiae* motion to dismiss Acreman's case as frivolous based upon Chapter Fourteen of the Civil Practice and Remedies Code.[1] *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.001–14.014 (Vernon 2002). On April 24, 2008, the Attorney General filed its plea to the jurisdiction and claimed that the damages sought by Acreman were not within the district court's jurisdictional limits.

The trial court conducted a hearing by video teleconference on May 2, 2008, granted the Attorney General's plea to the jurisdiction, and dismissed Acreman's case without prejudice.[2] The trial court filed findings of fact and conclusions of law, concluding that it did not have jurisdiction of Acreman's case because the amount in controversy, $400.00, "did not exceed $500 as required in Article V sec. 8 of the Texas Constitution of 1876." Acreman appeals.

## Analysis

▉▉▉▉ Subject matter jurisdiction is essential to a court's authority to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex.2000); *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). "A plea questioning the trial court's subject-matter jurisdiction raises a question of law that we review *de novo.*" *Westbrook v. Penley*,

231 S.W.3d 389, 394 (Tex.2007). Generally, unless a defendant specifically alleges that the amount pled by the plaintiff is merely a sham for the purpose of wrongfully obtaining jurisdiction, the amount in controversy is determined by the plaintiff's petition. *See Bland Indep. Sch. Dist.*, 34 S.W.3d at 554.

Chapter 24 of the Texas Government Code describes the jurisdiction of the various district courts in Texas. TEX. GOV'T CODE ANN. §§ 24.001–24.954 (Vernon 2004 & Supp.2008). Section 24.007 of the Texas Government Code provides that district courts have jurisdiction as provided by article V, section 8 of the Texas Constitution. TEX. GOV'T CODE ANN. § 24.007 (Vernon 2004). Article V, section 8 provides, in pertinent part:

District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body.

TEX. CONST. art. V, § 8.

Prior to 1985, a district court's minimum amount in controversy was $500.00.[3] Following the constitutional and statutory amendments, and because the 1985 amendments deleted the $500 amount in

---

1. According to the Attorney General, and as reflected by the findings of fact, Acreman complied with the other Chapter 14 requirements that allow an inmate to proceed with a suit. *See* TEX. CIV. PRAC. & REM.CODE ANN §§ 14.001–14.014 (Vernon 2002).

2. During the hearing, the Attorney General withdrew its Chapter 14 motion to dismiss and proceeded solely on the plea to the jurisdiction.

3. Article 1906 of the Texas Revised Civil Statute stated a district court's minimum amount in controversy was $500.00, however, the

statutory amount was omitted when Article 1906 was codified into the Texas Government Code. Codified as TEX. GOV'T CODE ANN. § 24.007, Act of May 17, 1985, 69th Leg., R.S., ch. 480, §§ 1, 26(1), 1985 Tex. Gen. Laws 1720, 1745, 2048, *amended by* Act of April 30, 1987, 70th Leg., R.S., ch. 148, § 1.36, 1987 Tex. Gen. Laws 534, 538. The district court's specified monetary constitutional minimum-amount-in-controversy jurisdiction was deleted as a part of the 1985 amendment to article V, section 8 of the Texas Constitution. *See Tex. S.J.* Res. 14, § 4, 69th Leg., R.S., 1985 Tex. Gen. Laws 3355, 3357.

controversy requirement, different courts of appeals have reached different opinions regarding the monetary amount required to invoke a district court's jurisdiction. *Compare Arteaga v. Jackson,* 994 S.W.2d 342, 342 (Tex.App.-Texarkana 1999, pet. denied) (holding that after the 1985 constitutional and statutory amendments, the district court's jurisdiction extends to those cases involving $200.01 or more); *Arnold v. West Bend Co.,* 983 S.W.2d 365, 366 n. 1 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (stating that $200.01 is the minimum amount in controversy requirement for a district court); *Ramirez v. Dietz,* No. 07–04–0108–CV, 2006 WL 507947 at *3, 2006 Tex.App. LEXIS 1695, at *6 (Tex.App.-Amarillo March 1, 2006, no pet.) (mem.op.) (holding minimum amount in controversy required for district court jurisdiction is $200.01); *with Chapa v. Spivey,* 999 S.W.2d 833, 836 (Tex.App.Tyler 1999, no pet.) (holding that despite 1985 amendments, minimum jurisdictional amount remains $500.00); *Moore v. TDCJ-CID,* No. 13–04–425–CV, 2005 WL 1797077 at *4, 2005 Tex.App. LEXIS 6010, at *7 (Tex.App.-Corpus Christi July 28, 2005, no pet.) ("[M]inimum amount needed to invoke the jurisdiction of the district court is $500."); *Le Clair v. Wood,* No. 10–04–00232–CV, 2005 WL 1303187 at *3, 2005 Tex.App. LEXIS 4257, at *5 (Tex.App.-Waco June 1, 2005, pet. denied) (holding that the amount-in-controversy requirement for district court subject matter jurisdiction is $500.00).

■ Even though Acreman requested a total of $800.00 in damages, consisting of $400.00 in actual damages and $400.00 in punitive damages, the trial court considered only the actual damages in determining its lack of jurisdiction. Acreman's pleading purports to assert a claim under the Texas Theft Liability Act. *See* TEX. CIV.

PRAC. & REM.CODE ANN. § 134.001 (Vernon 2005). However, he does not assert in his complaint that Sharp committed the theft; instead, Acreman asserts that Sharp negligently supervised inmates who were responsible for the theft. Consequently, based on Acreman's pleadings and assuming the theft were to be proven, Sharp would not become liable to Acreman under the Texas Theft Liability Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 134.003 (Vernon 2005) (liability limited to the person who commits theft or to a person responsible for controlling child who commits theft). Additionally, with respect to his theory of negligent supervision, Acreman did not allege that Sharp acted maliciously or that Sharp was guilty of gross negligence. *See Binder v. Joe,* 193 S.W.3d 29, 32 (Tex. App.-Houston [1st Dist.] 2006, no pet.) (citing *Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 813 (Tex.1983); *Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979)(concluding that absent trial by consent, requested relief must be supported by the pleadings)). We conclude that the trial court did not err in excluding the amount Acreman claimed for punitive damages when it determined the good faith amount actually in controversy. *See Smith Detective Agency & Nightwatch Serv., Inc. v. Stanley Smith Sec., Inc.,* 938 S.W.2d 743, 747 (Tex.App.-Dallas 1996, writ denied) (citing *Peek v. Equip. Serv. Co.,* 779 S.W.2d 802, 804 (Tex.1989) (For purposes of subject matter jurisdiction, "[t]he amount in controversy is determined by the good faith pleadings of the parties[.]")).

■ Thus, the issue before us is whether a good faith claim for $400.00 in damages is a sufficient amount in controversy to vest a district court with jurisdiction over the dispute.[4] Although the Texas

---

4. Because a majority on this court determined that the amount in controversy exceed-

Supreme Court has taken note of the issue, it has not had occasion to resolve it. *See, e.g., Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 n. 4 (Tex.2000) (noting there may no longer be a jurisdictional minimum for district courts); *Peek v. Equip. Serv. Co.*, 779 S.W.2d 802, 803 n. 4 (Tex.1989) (noting constitutional and statutory amendments that deleted reference to $500.00 jurisdictional floor for district courts; *see also Sultan v. Mathew*, 178 S.W.3d 747, 756 (Tex.2005) (Hecht, J., dissenting) (noting whether any minimum monetary limit on the district court's jurisdiction remained after 1985 constitutional amendment was an unresolved issue).

We resolve the issue by looking to the plain language of the Texas Constitution and section 24.007 of the Texas Government Code. Determining and giving effect to the Legislature's intent is our objective in construing a statute. *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). We start with the "plain and common meaning of the statute's words." *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex.2003) (citations omitted); *see also* Tex. Gov't Code Ann. § 311.011 (Vernon 2005). If the statutory language is unambiguous, its plain meaning will prevail. *McIntyre*, 109 S.W.3d at 745. "Every word of a statute must be presumed to have been used for a purpose, and every word excluded from a statute must also be presumed to have been excluded for a purpose." *Criterium–Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399 (Tex.App.-Beaumont 2008, no pet) (citing *Laidlaw Waste Sys., Inc. (Dallas) v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex.1995)).

The Texas Supreme Court has stated that "when the language of a code provision is clear and unambiguous, it controls even though it was enacted as part of the Legislature's ongoing statutory revision and even though it may effect a change in the law." *Continental Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 399 (Tex.2000).

Generally, the same rules of construction used to interpret statutes are used when construing the constitution. *Meador v. EMC Mortg. Corp.*, 236 S.W.3d 451, 452 (Tex.App.-Amarillo 2007, pet. denied) (citing *Rooms With a View, Inc. v. Private Nat'l Mortg. Ass'n, Inc.*, 7 S.W.3d 840, 844 (Tex.App.-Austin 1999, pet. denied)). "[W]e rely heavily on its literal text and must give effect to its plain language." *Stringer v. Cendant Mortg. Corp.*, 23 S.W.3d 353, 355 (Tex.2000). "We strive to give constitutional provisions the effect their makers and adopters intended." *Id.* "If the literal text is unclear or could lead to an absurd result, we may look outside the language for aid in interpretation." *Rooms With a View*, 7 S.W.3d at 845.

With these rules of construction in mind, we first observe that neither the constitutional provision providing for a district court's jurisdiction, nor the statute which defines a district court's jurisdiction creates a specific minimum dollar threshold. *See* Tex. Const. art. V, § 8; Tex. Gov't Code Ann. § 24.007. Instead, under the plain language of the Constitution, a district court has jurisdiction of anything except where the Constitution or some other

---

ed $500.00, we previously avoided addressing whether $500.00 remained the jurisdictional minimum amount in controversy that was required to vest jurisdiction in a district court. *Gordon v. Scott*, 6 S.W.3d 365, 368, 370 (Tex. App.-Beaumont 1999, pet. denied) (Walker, C.J., dissenting) (stating that he would have

dismissed the appeal for lack of jurisdiction because the good faith amount in controversy was $270.00, and the minimum amount in controversy for the district court's jurisdiction remained $500.00 after 1985 recodification and amendment).

law confers exclusive jurisdiction elsewhere. TEX. CONST. art V, § 8. With respect to a claim for damages of $200.00 or less, the Texas Constitution vests jurisdiction exclusively in justice of the peace courts. TEX. CONST. art. V, § 19. Based on the express language of the statutory and constitutional provisions addressing jurisdiction of district courts, we hold that the trial court had jurisdiction to resolve a dispute in which $400.00 was the amount in controversy. *See Arteaga*, 994 S.W.2d at 342; *Arnold*, 983 S.W.2d at 366 n. 1; *Ramirez*, 2006 WL 507947 at \*3, 2006 Tex. App. LEXIS 1695, at \*6. Because the language in the provisions at issue is clear, we decline to adopt the reasoning of other courts of appeals that have resorted to the respective provisions' legislative history in order to reach the conclusion that $500.00 remains the threshold minimum amount in controversy to invoke a district court's jurisdiction.

Because the good faith amount in dispute in this case is $400.00, the trial court did have jurisdiction to adjudicate it. We hold that the trial court erred in dismissing Acreman's case for lack of subject matter jurisdiction.[5] Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings.

REVERSED AND REMANDED.

---

5. We need not address Acreman's other issues on appeal as they would entitle him to no greater relief. *See* TEX.R.APP. P. 47.1.