In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00219-CV


____________________



TERRY MITCHELL ACREMAN, Appellant



V.



GAYLE F. SHARP, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. 24109






 OPINION


 Terry Mitchell Acreman, an inmate proceeding pro se and in forma pauperis, appeals
from the trial court's order dismissing his case for lack of jurisdiction. We reverse the order
dismissing the case for lack of jurisdiction, and remand it for further proceedings.

Background

 On December 18, 2007, Acreman filed suit in the 411th District Court of Polk County,
Texas, against Gayle F. Sharp, an employee of the Texas Department of Criminal Justice. 
Acreman alleged that Sharp inadequately supervised inmates while the inmates packed
Acreman's property and as a result, some of Acreman's property was stolen. Acreman's
petition specifically stated that the stolen property had a value of $400.00; Acreman also
sought $400.00 in punitive damages.

 On March 5, 2008, the Attorney General filed an amicus curiae motion to dismiss
Acreman's case as frivolous based upon Chapter Fourteen of the Civil Practice and Remedies
Code. (1) See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (Vernon 2002). On April
24, 2008, the Attorney General filed its plea to the jurisdiction and claimed that the damages
sought by Acreman were not within the district court's jurisdictional limits.

 The trial court conducted a hearing by video teleconference on May 2, 2008, granted
the Attorney General's plea to the jurisdiction, and dismissed Acreman's case without
prejudice. (2) The trial court filed findings of fact and conclusions of law, concluding that it
did not have jurisdiction of Acreman's case because the amount in controversy, $400.00, "did
not exceed $500 as required in Article V sec. 8 of the Texas Constitution of 1876." Acreman
appeals.



Analysis

 Subject matter jurisdiction is essential to a court's authority to decide a case. Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 553-54 (Tex. 2000); see also Tex. Ass'n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). "A plea questioning the trial court's
subject-matter jurisdiction raises a question of law that we review de novo." Westbrook v.
Penley, 231 S.W.3d 389, 394 (Tex. 2007). Generally, unless a defendant specifically alleges
that the amount pled by the plaintiff is merely a sham for the purpose of wrongfully obtaining
jurisdiction, the amount in controversy is determined by the plaintiff's petition. See Bland
Indep. Sch. Dist., 34 S.W.3d at 554. 

 Chapter 24 of the Texas Government Code describes the jurisdiction of the various 
district courts in Texas. Tex. Gov't Code Ann. §§ 24.001-24.954 (Vernon 2004 & Supp.
2008). Section 24.007 of the Texas Government Code provides that district courts have 
jurisdiction as provided by article V, section 8 of the Texas Constitution. Tex. Gov't Code
Ann. § 24.007 (Vernon 2004). Article V, section 8 provides, in pertinent part:

 District Court jurisdiction consists of exclusive, appellate, and
original jurisdiction of all actions, proceedings, and remedies,
except in cases where exclusive, appellate, or original
jurisdiction may be conferred by this Constitution or other law
on some other court, tribunal, or administrative body. 

 

Tex. Const. art. V, § 8. 

 Prior to 1985, a district court's minimum amount in controversy was $500.00. (3) 
Following the constitutional and statutory amendments, and because the 1985 amendments
deleted the $500 amount in controversy requirement, different courts of appeals have reached
different opinions regarding the monetary amount required to invoke a district court's
jurisdiction. Compare Arteaga v. Jackson, 994 S.W.2d 342, 342 (Tex. App.-Texarkana
1999, pet. denied) (holding that after the 1985 constitutional and statutory amendments, the
district court's jurisdiction extends to those cases involving $200.01 or more); Arnold v. West
Bend Co., 983 S.W.2d 365, 366 n.1 (Tex. App.-Houston [1st Dist.] 1998, no pet.) (stating
that $200.01 is the minimum amount in controversy requirement for a district court); Ramirez
v. Dietz, No. 07-04-0108-CV, 2006 Tex. App. LEXIS 1695, at *6 (Tex. App.-Amarillo
March 1, 2006, no pet.) (mem. op.) (holding minimum amount in controversy required for
district court jurisdiction is $200.01); with Chapa v. Spivey, 999 S.W.2d 833, 836 (Tex.
App.- Tyler 1999, no pet.) (holding that despite 1985 amendments, minimum jurisdictional
amount remains $500.00); Moore v. TDCJ-CID, No. 13-04-425-CV, 2005 Tex. App. LEXIS
6010, at *7 (Tex. App.-Corpus Christi July 28, 2005, no pet.) ("[M]inimum amount needed
to invoke the jurisdiction of the district court is $500."); Le Clair v. Wood, No. 10-04-00232-CV, 2005 Tex. App. LEXIS 4257, at *5 (Tex. App.-Waco June 1, 2005, pet. denied)
(holding that the amount-in-controversy requirement for district court subject matter
jurisdiction is $500.00). 

 Even though Acreman requested a total of $800.00 in damages, consisting of $400.00
in actual damages and $400.00 in punitive damages, the trial court considered only the actual
damages in determining its lack of jurisdiction. Acreman's pleading purports to assert a
claim under the Texas Theft Liability Act. See Tex. Civ. Prac. & Rem. Code Ann. §
134.001 (Vernon 2005). However, he does not assert in his complaint that Sharp committed
the theft; instead, Acreman asserts that Sharp negligently supervised inmates who were
responsible for the theft. Consequently, based on Acreman's pleadings and assuming the
theft were to be proven, Sharp would not become liable to Acreman under the Texas Theft
Liability Act. See Tex. Civ. Prac. & Rem. Code Ann. § 134.003 (Vernon 2005) (liability
limited to the person who commits theft or to a person responsible for controlling child who
commits theft). Additionally, with respect to his theory of negligent supervision, Acreman
did not allege that Sharp acted maliciously or that Sharp was guilty of gross negligence. See
Binder v. Joe, 193 S.W.3d 29, 32 (Tex. App.-Houston [1st Dist.] 2006, no pet.) (citing
Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983); Stoner v. Thompson, 578
S.W.2d 679, 682 (Tex. 1979)(concluding that absent trial by consent, requested relief must
be supported by the pleadings)). We conclude that the trial court did not err in excluding the
amount Acreman claimed for punitive damages when it determined the good faith amount
actually in controversy. See Smith Detective Agency & Nightwatch Serv., Inc. v. Stanley
Smith Sec., Inc., 938 S.W.2d 743, 747 (Tex. App.-Dallas 1996, writ denied) (citing Peek v.
Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989) (For purposes of subject matter
jurisdiction, "[t]he amount in controversy is determined by the good faith pleadings of the
parties[.]")).

 Thus, the issue before us is whether a good faith claim for $400.00 in damages is a
sufficient amount in controversy to vest a district court with jurisdiction over the dispute. (4) 
Although the Texas Supreme Court has taken note of the issue, it has not had occasion to
resolve it. See, e.g., Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 75 n.4 (Tex. 2000) (noting
there may no longer be a jurisdictional minimum for district courts); Peek v. Equip. Serv. Co.,
779 S.W.2d 802, 803 n.4 (Tex. 1989) (noting constitutional and statutory amendments that
deleted reference to $500.00 jurisdictional floor for district courts); see also Sultan v.
Mathew, 178 S.W.3d 747, 756 (Tex. 2005) (Hecht, J., dissenting) (noting whether any
minimum monetary limit on the district court's jurisdiction remained after 1985
constitutional amendment was an unresolved issue).

 We resolve the issue by looking to the plain language of the Texas Constitution and
section 24.007 of the Texas Government Code. Determining and giving effect to the
Legislature's intent is our objective in construing a statute. Leland v. Brandal, 257 S.W.3d
204, 206 (Tex. 2008). We start with the "plain and common meaning of the statute's words." 
McIntyre v. Ramirez, 109 S.W.3d 741, 745 (Tex. 2003) (citations omitted); see also Tex.
Gov't Code Ann. § 311.011 (Vernon 2005). If the statutory language is unambiguous, its
plain meaning will prevail. McIntyre, 109 S.W.3d at 745. "Every word of a statute must be
presumed to have been used for a purpose, and every word excluded from a statute must also
be presumed to have been excluded for a purpose." Criterium-Farrell Eng'rs v. Owens, 248
S.W.3d 395, 399 (Tex. App.-Beaumont 2008, no pet) (citing Laidlaw Waste Sys., Inc.
(Dallas) v. City of Wilmer, 904 S.W.2d 656, 659 (Tex. 1995)). The Texas Supreme Court
has stated that "when the language of a code provision is clear and unambiguous, it controls
even though it was enacted as part of the Legislature's ongoing statutory revision and even
though it may effect a change in the law." Continental Cas. Ins. Co. v. Functional
Restoration Assocs., 19 S.W.3d 393, 399 (Tex. 2000). 

 Generally, the same rules of construction used to interpret statutes are used when
construing the constitution. Meador v. EMC Mortg. Corp., 236 S.W.3d 451, 452 (Tex.
App.-Amarillo 2007, pet. denied) (citing Rooms With a View, Inc. v. Private Nat'l Mortg.
Ass'n, Inc., 7 S.W.3d 840, 844 (Tex. App.-Austin 1999, pet. denied)). "[W]e rely heavily
on its literal text and must give effect to its plain language." Stringer v. Cendant Mortg.
Corp., 23 S.W.3d 353, 355 (Tex. 2000). "We strive to give constitutional provisions the
effect their makers and adopters intended." Id. "If the literal text is unclear or could lead to
an absurd result, we may look outside the language for aid in interpretation." Rooms With
a View, 7 S.W.3d at 845.

 With these rules of construction in mind, we first observe that neither the
constitutional provision providing for a district court's jurisdiction, nor the statute which
defines a district court's jurisdiction creates a specific minimum dollar threshold. See Tex.
Const. art. V, § 8; Tex. Gov't Code Ann. § 24.007. Instead, under the plain language of
the Constitution, a district court has jurisdiction of anything except where the Constitution
or some other law confers exclusive jurisdiction elsewhere. Tex. Const. art V, § 8. With
respect to a claim for damages of $200.00 or less, the Texas Constitution vests jurisdiction
exclusively in justice of the peace courts. Tex. Const. art. V, § 19. Based on the express
language of the statutory and constitutional provisions addressing jurisdiction of district
courts, we hold that the trial court had jurisdiction to resolve a dispute in which $400.00 was
the amount in controversy. See Arteaga, 994 S.W.2d at 342; Arnold, 983 S.W.2d at 366 n.1;
Ramirez, 2006 Tex. App. LEXIS 1695, at *6. Because the language in the provisions at issue
is clear, we decline to adopt the reasoning of other courts of appeals that have resorted to the
respective provisions' legislative history in order to reach the conclusion that $500.00
remains the threshold minimum amount in controversy to invoke a district court's
jurisdiction.

 Because the good faith amount in dispute in this case is $400.00, the trial court did
have jurisdiction to adjudicate it. We hold that the trial court erred in dismissing Acreman's
case for lack of subject matter jurisdiction. (5) Accordingly, we reverse the judgment of the
trial court and remand this cause for further proceedings.

 REVERSED AND REMANDED.


 ____________________________

 HOLLIS HORTON

 Justice



Submitted on February 5, 2009

Opinion Delivered April 2, 2009

Before Gaultney, Kreger, and Horton, JJ.
1. According to the Attorney General, and as reflected by the findings of fact, Acreman
complied with the other Chapter 14 requirements that allow an inmate to proceed with a suit. 
See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (Vernon 2002).
2. During the hearing, the Attorney General withdrew its Chapter 14 motion to dismiss
and proceeded solely on the plea to the jurisdiction.
3. Article 1906 of the Texas Revised Civil Statute stated a district court's minimum
amount in controversy was $500.00, however, the statutory amount was omitted when Article
1906 was codified into the Texas Government Code. Codified as Tex. Gov't Code Ann.
§ 24.007, Act of May 17, 1985, 69th Leg., R.S., ch. 480, §§ 1, 26(1), 1985 Tex. Gen. Laws
1720, 1745, 2048, amended by Act of April 30, 1987, 70th Leg., R.S., ch. 148, § 1.36, 1987
Tex. Gen. Laws 534, 538. The district court's specified monetary constitutional minimum-amount-in-controversy jurisdiction was deleted as a part of the 1985 amendment to article
V, section 8 of the Texas Constitution. See Tex. S.J. Res. 14, § 4, 69th Leg., R.S., 1985 Tex.
Gen. Laws 3355, 3357.
4. Because a majority on this court determined that the amount in controversy exceeded
$500.00, we previously avoided addressing whether $500.00 remained the jurisdictional
minimum amount in controversy that was required to vest jurisdiction in a district court. 
Gordon v. Scott, 6 S.W.3d 365, 368, 370 (Tex. App.-Beaumont 1999, pet. denied) (Walker,
C.J., dissenting) (stating that he would have dismissed the appeal for lack of jurisdiction
because the good faith amount in controversy was $270.00, and the minimum amount in
controversy for the district court's jurisdiction remained $500.00 after 1985 recodification
and amendment). 
5. We need not address Acreman's other issues on appeal as they would entitle him to
no greater relief. See Tex. R. App. P. 47.1.