Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# OPINION

No. 04-10-00309-CV

Charles Anthony **ALLEN**, Sr.,
Appellant

v.

Kimberly **NUNEZ**, FNU Garza, and George Barrera,
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 09-10-00146-CVK
Honorable Ron Carr, Judge Presiding[1]

Opinion by:   Steven C. Hilbig, Justice

Sitting:      Rebecca Simmons, Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  December 29, 2010

REVERSED AND REMANDED

        Charles Anthony Allen, Jr. appeals the order dismissing his case for failure to plead a

case within the jurisdictional limits of the district court.  We reverse and remand.

---

[1] Senior Appellate Judge sitting by assignment.

## BACKGROUND

Allen is an inmate housed in the Dalhart Unit of the Texas Department of Criminal Justice ("TDJC"). Allen filed suit against Kimberly Nunez, FNU[2] Garza, and George Barrera, employees of TDJC, claiming they lost or stole his personal property when he was previously transferred from the Connally Unit to the Luther Unit. Allen valued the property at $295.

Appellees filed an answer and a plea to the jurisdiction, asserting that the damages sought by Allen were not within the jurisdictional limits of the district court. The trial court granted the plea and dismissed Appellant's petition for lack of jurisdiction. Allen filed this appeal and contends that the minimum jurisdictional limit for lawsuits in district court is $200.01. Appellees argued in the trial court that the minimum jurisdictional limit was $500. However, appellees now agree with Allen that the minimum jurisdictional limit of the district court is $200.01.

## DISCUSSION

Whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010). Although both Allen and the Appellees agree that the district court has jurisdiction over Allen's claim, we must determine the issue because jurisdiction cannot be conferred by agreement. *Burke v. Satterfield*, 525 S.W.2d 950, 953 (Tex. 1975); *Walls Regional Hosp. v. Altaras*, 903 S.W.2d 36, 40-41 (Tex. App.—Waco 1994, no writ).

Until 1985, both the Texas Constitution and the civil statutes expressly conferred jurisdiction in district courts for cases with a minimum of $500.00 in controversy. TEX. CONST. art. V, § 8 (1876); TEX. REV. CIV. STAT. ANN. art. 1906(6) (1925), repealed by Act of May 17, 1985, 69th Leg., R.S. ch 480, § 26(1), 1985 TEX. GEN. LAWS 1720, 2048. When article 1906

---

[2] The initials "FNU" commonly refer to a person whose first name is unknown.

was codified it no longer included the $500.00 minimum amount and instead provides that district courts have jurisdiction as provided by Article V, section 8 of the Texas Constitution. TEX. GOV'T CODE ANN. § 24.007 (West 2004). At the time of the codification, Article V, section 8 of the Texas Constitution provided that a district court's minimum jurisdiction was $500.00. However, a few months later the Texas Constitution was amended and the jurisdictional minimum was deleted. As amended Article V, section 8 now provides, in pertinent part:

> District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this constitution or other law on some other court, tribunal, or administrative body.

TEX. CONST. art. V, § 8.

After the constitutional amendment, some courts of appeals have determined the jurisdictional limit is $200.01, while others have continued to require a $500.00 minimum amount in controversy. *Compare Acreman v. Sharp*, 282 S.W.3d 251, 255-56 (Tex. App.—Beaumont 2009, no pet.)(holding express language of Government Code and Constitution provides trial court has jurisdiction over case in which amount in controversy was over $200.00), *Ramirez v. Dietz*, No. 07-04-0108-CV, 2006 WL 507947, at *2 (Tex. App.—Amarillo Mar. 1, 2006, no pet.) (mem. op.), *Arteaga v. Jackson*, 994 S.W.2d 342, 342 (Tex. App.—Texarkana 1999, pet. denied)(holding after the 1985 constitutional and statutory amendments, district court's jurisdiction extends to cases involving more than $200.00), *Moore v. TDCJ-CID*, No. 13-04-425-CV, 2005 WL 1797077 at *2, (Tex. App.—Corpus Christi July 28, 2005, no pet.) (mem. op.) (stating that "minimum amount needed to invoke the jurisdiction of the district court is $500") and (holding minimum amount in controversy required for district court jurisdiction is $200.01), and *Le Clair v. Wood*, No. 10-04-00232-CV, 2005 WL 1303187, at *2 (Tex. App.—Waco June 1, 2005, pet. denied) (mem. op.) (holding that the amount-in-controversy requirement

for district court subject matter jurisdiction is $500.00) *with Chapa v. Spivey*, 999 S.W.2d 833, 836 (Tex. App.—Tyler 1999, no pet.) (holding that despite 1985 amendments, minimum jurisdictional amount remains $500.00). This court has not previously ruled on this issue.

When interpreting statutes we turn to the "plain and common meaning of the statute's words." *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003); *see also* TEX. GOV'T CODE ANN. § 311.011 (West 2005). The Texas Supreme Court has stated that "when the language of a code provision is clear and unambiguous, it controls even though it was enacted as part of the Legislature's ongoing statutory revision and even though it may effect a change in the law." *Continental Cas. Ins. Co. v. Functional Restoration Assoc.*, 19 S.W.3d 393, 399 (Tex. 2000). Likewise, "[w]hen interpreting our state Constitution, we rely heavily on its literal text, and are to give effect to its plain language." *Republican Party of Texas v. Dietz*, 940 S.W.2d 86, 89 (Tex. 1997)(citations omitted); *see also Stringer v. Cendant Mortg. Corp.*, 23 S.W.3d 353, 355 (Tex. 2000).

Utilizing these rules of construction, we agree with the courts that have determined that the district court's jurisdiction is invoked when the amount in controversy is $200.01 or more. *See Acreman*, 282 S.W.3d at 255-56; *Ramirez*, 2006 WL 507947, at *2; *Arteaga*, 994 S.W.2d at 342;. Currently, neither the Texas Constitution nor the Government Code set a minimum jurisdictional limit for district courts. CONST. art. V, § 8; TEX. GOV'T CODE ANN. § 24.007 (West 2004). As discussed by the Beaumont court of appeals in *Acreman*, the express language of article V section 8 of our Constitution confers jurisdiction in the district court over all cases except where exclusive jurisdiction has been conferred on some other court, tribunal, or administrative body. TEX. CONST. art. V, § 8; *see Acreman*, 282 S.W.3d at 255-56. The Texas Constitution vests jurisdiction in the justice of peace courts for any controversy of $200.00 or

less.  TEX. CONST. art. V, § 19; *see Acreman*, 282 S.W.2d at 255-56.  Therefore, based on the plain language of section 24.007 of the Government Code and article V, section 8 of the Texas Constitution, we hold the district court has jurisdiction in a case in which the amount in controversy is $200.01 and above.  *See Acreman*, 282 S.W.2d at 255-56; *Ramirez*, 2006 WL 507947, at *2; *Arteaga*, 994 S.W.2d at 342.  Accordingly, we reverse the order of dismissal and remand for further proceedings.

Steven C. Hilbig, Justice

No. 04-10-00309-CV

Charles Anthony **ALLEN**, Sr.,
Appellant

v.

Kimberly **NUNEZ**, FNU Garza, and George Barrera,
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 09-10-00146-CVK
Honorable Ron Carr, Judge Presiding

BEFORE JUSTICE SIMMONS, JUSTICE HILBIG, AND JUSTICE BARNARD

In accordance with this court's opinion of this date, the trial court's order of dismissal is reversed and this cause is remanded for further proceedings. Costs of the appeal are taxed against Appellees, Kimberly Nunez, FNU Garza, and George Barrera.

SIGNED

_____
Steven C. Hilbig, Justice